UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:20cv111-GCM

| | | |
|---|---|---|
| **MISTY PARSONS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **ANDREW SAUL, Commissioner of Social Security,** | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court upon Plaintiff's Motion for Summary Judgment (Doc. No. 13) and Commissioner's Motion for Summary Judgment (Doc. No. 15). Having carefully considered such motions and reviewed the pleadings, the court enters the following findings, conclusions, and Order.

### FINDINGS AND CONCLUSIONS

### I.      Administrative History

Plaintiff filed an application for Title II Disability Insurance Benefits and Title XVI Supplemental Security Income, alleging a disability onset date of November 9, 2012. Plaintiff's claim was denied both initially and on reconsideration.  Thereafter, Plaintiff requested and was granted a hearing before an administrative law judge ("ALJ").  After a hearing, the ALJ issued a decision which was unfavorable to Plaintiff.  The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner of Social Security ("Commissioner").

Thereafter, Plaintiff timely filed this action, seeking judicial review of the ALJ's decision.

1

## II.     Factual Background

In his decision, the ALJ first determined that Plaintiff has not engaged in substantial gainful activity since her alleged onset date (Tr. 28).  At the second step, the ALJ concluded that Plaintiff has the following severe impairments: a degenerative lumbar spine condition, an affective disorder, an anxiety disorder, a psychotic disorder, a personality disorder, post-traumatic stress disorder, and methamphetamine disorder. (Tr. 31). At the third step, the ALJ found that the Plaintiff did not have an impairment or combination of impairments that meet or medically equal the severity of one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1.  (Tr. 32-34).  However, in reaching this determination the ALJ did find that Plaintiff has moderate limitations with regard to concentration, persistence, or pace.  (Tr. 34).

The ALJ then found that Plaintiff has residual functional capacity (RFC) to perform light work with the following limitations:

> except [Plaintiff] can have only occasional exposure to hazards, defined as work with machinery having moving mechanical parts, the use of commercial vehicles, and unprotected heights; is limited to the performance of simple, routine, repetitive tasks; and can have only occasional interaction with the public and coworkers.

(Tr. 34).  As a result, the ALJ found in the fourth step that Plaintiff is unable to perform any past relevant work.  (Tr. 37-38). However, at the fifth step, the ALJ concluded that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, including housekeeper, sorter (produce), and marker.  (Tr. 38).  Accordingly, the ALJ found that Plaintiff is not disabled under the Act.

## III.     Standard of Review

The only issues on review are whether the Commissioner applied the correct legal standards and whether the Commissioner's decision is supported by substantial evidence.

*Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th

Cir. 1990). Review by a federal court is not *de novo*, *Smith v. Schwieker*, 795 F.2d 343, 345 (4th

Cir. 1986); rather, inquiry is limited to whether there was "such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion," *Richardson*, 402 U.S. at 400.

Even if the undersigned were to find that a preponderance of the evidence weighed against the

Commissioner's decision, the Commissioner's decision would have to be affirmed if supported

by substantial evidence. *Hays*, 907 F.2d at 1456.

**IV.    Discussion**

Plaintiff raises only one challenge to the ALJ's decision: (1) that the ALJ decision

violated *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015).

In *Mascio*, the Fourth Circuit "agree[d] with other circuits that an ALJ does not account

'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical

question to simple, routine tasks or unskilled work.'" 780 F.3d at 638 (quoting *Winschel*

*v.Comm'r of Soc. Sec*., 631 F.3d 1176, 1180 (11th Cir. 2011) (joining the Third, Seventh, and

Eighth Circuits)).  "The ability to perform simple tasks differs from the ability to stay on pace.

Only the later limitation would account for a claimant's limitation in concentration, persistence

or pace."  *Id*. Even if it an ALJ's RFC is well-explained and otherwise supported by substantial

evidence, a limitation to simple tasks or instructions cannot "account for a limitation in

concentration, persistence or pace." *Mascio*, 780 F.3d at 638.  Rather, only if the ALJ found that

the concentration, persistence, or pace limitation does not affect Plaintiff's ability to work

"would [it] have been appropriate to exclude it from the hypothetical tendered to the vocational

expert." *Id.*

The Court recognizes that *Mascio* does not create a categorical rule requiring an off-task limitation in every case where there are moderate difficulties in concentration, persistence, or pace. *See Shinaberry v. Saul*, 952 F.3d 113 (4th Cir. 2020). The ALJ's role is to consider—and explain—how the claimant's specific limitations affect his or her ability to work. *See id.* at 120-22. *Mascio* "only requires remand when [the Commissioner's] opinion is 'sorely lacking' in a manner that 'frustrates meaningful review'" *Ponder v. Berryhill*, No. 1:15-CV-00289-RJC, 2017 WL 1246350, at *4 (W.D.N.C. Mar. 31, 2017) (quoting *White v. Colvin*, No. 3:15-cv-197-FDW, 2016 WL 3381265, at *5 (W.D.N.C. June 14, 2016).

An application of *Mascio* to the record here shows that the ALJ did not adequately take into account Plaintiff's moderate limitations in concentration, persistence, and pace. Moreover, the ALJ failed to adequately explain why Plaintiff's ability to work was not impacted by her moderate limitations in concentration, persistence, or pace, stating only that "the claimant is not shown to have limitations beyond the above residual functional capacity." (Tr. 37). The lack of a more detailed explanation frustrates meaningful review. Accordingly, the undersigned concludes that this matter should be remanded for a new hearing.

## V.      Conclusion

The undersigned has carefully reviewed the decision of the ALJ, the transcript of the proceedings, Plaintiff's motion and briefs, Commissioner's responsive pleadings, and Plaintiff's assignment of error. Because the ALJ did not properly assess Plaintiff's residual functional capacity, the case must be remanded. Accordingly, Plaintiff's Motion for Summary Judgment will be granted, the Commissioner's Motion for Summary Judgment will be denied, and the decision of the Commissioner will be vacated.

**ORDER**

**IT IS, THEREFORE, ORDERED** that

(1)      the decision of the Commissioner, denying the relief sought by Plaintiff, is

        **VACATED**;

(2)      the Plaintiff's Motion for Summary Judgment (Doc. No. 13) is **GRANTED**; and

(3)      the Commissioner's Motion for Summary Judgment (Doc. 15) is **DENIED**; and

(4)      the matter is hereby **REMANDED** for further consideration.

Signed: March 25, 2021

Graham C. Mullen
United States District Judge